**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NUNZIO D. C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKZI, <br> Acting Commissioner of Social Security,[2] <br><br> Defendant. | Case No. 2:20-cv-08923 AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his application for a period of disability and disability insurance benefits. In accordance with the case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

## DISPUTED ISSUE

- Whether the ALJ properly considered the medical opinions in determining Plaintiff's residual functional capacity.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court only reverses the Commissioner's decision if its findings are based on legal error or are not supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other ground as recognized in, Sweets v. Kijakazi*, 855 Fed. Appx. 325 (9th Cir. Aug. 9, 2021). As the Supreme Court has stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). Where the evidence is susceptible to more than one rationale interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). As such, this Court may not substitute its judgment for that of the Commissioner. *See Jamerson v. Chater*, 112 F.3d 1064, 1065 (9th Cir. 1997). Even when the ALJ commits legal error, the decision will be upheld where that error is harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if it is inconsequential to the ultimate nondisability determination. *Id.*

## BACKGROUND

On November 13, 2017, Plaintiff filed an application for a period of disability and disability insurance benefits alleging an inability to work since October 5, 2017. (Administrative Record ("AR") 198-99, 226.) His application was denied initially and upon reconsideration. (AR 125-28, 133-37.) A video hearing was held before an

Administrative Law Judge ("ALJ") on December 10, 2019. (AR 75-98.) Plaintiff (represented by an attorney) and a vocational expert testified at the hearing. (*Id.*)

On January 22, 2020, the ALJ issued an unfavorable decision finding Plaintiff not disabled. As accurately summarized in Plaintiff's brief:

> [T]he ALJ determined that Ciaraulo met the insured status requirements of the Act on December 31, 2019. (A.R. 47, ¶1). The ALJ determined that Ciaraulo had not engaged in substantial gainful activity since October 15, 2017, through the date last insured of December 31, 2019. (A.R. 47, ¶2). The ALJ found that Ciaraulo suffered from a severe impairment consisting of lumbar degenerative disc disease but did not have an impairment or combination of impairments that met or equaled a listed impairment. (A.R. 47, ¶¶3 and 4). The ALJ determined that Ciaraulo retained the residual functional capacity for light work except:
>
>> he was able to climb ladders, ropes or scaffolds, but could occasionally climb ramps/stairs, stoop, crouch, crawl, and kneel. He required an ability to change for standing to seated or vice versa for up to two minutes every two hours without interference with work product and use of a cane or assistive device to ambulate on uneven surfaces.
>
> (A.R. 47, ¶5). The ALJ stated that Ciaraulo was unable to perform his past relevant work as a chef. (A.R. 50, ¶6). The ALJ stated that Ciaraulo was 51 years old and had a limited education. (A.R. 50, ¶¶6 and 7). The ALJ stated that transferable skills were not an issue. (A.R. 50, ¶9). Based on Ciaraulo's age, education, work experience, and residual functional capacity, the ALJ found that there were a significant number of alternate occupations he could perform in the national economy. (A.R. 50, ¶10). As a result, the ALJ concluded

that Ciaraulo's was not disabled within the meaning of the Social Security Act. (A.R. 51, ¶11).

(ECF 16 at 3-4.)

Plaintiff requested review of the ALJ's decision by the Appeals Council, which denied review on August 20, 2020. (AR 1-7.) This civil action then followed.

## DISCUSSION

Plaintiff contends that the ALJ failed to properly give appropriate weight to the opinion of Dr. Hrair Darakjian (which the ALJ found to be "not very persuasive") and wrongly credited the opinions of two State agency physicians, Drs. J. Ruiz and Y. Post (which the ALJ found to be "significantly more persuasive"). (AR 49.)

The current regulations provide that for claims filed on or after March 27, 2017, the Commissioner will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions or prior administrative medical findings, including those from Plaintiff's medical sources. 20 C.F.R. § 416.920c(a). Because Plaintiff's claim was filed on May 19, 2017, these regulations apply here. Prior to the current regulations, Ninth Circuit law held that an ALJ must provide clear and convincing reasons to reject a treating physician's uncontradicted opinion and must provide specific and legitimate reasons to reject a treating physician's contradicted opinion, as in the present case. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Some district courts have continued to apply the "specific and legitimate" standard as a "benchmark against which the Court evaluates [the ALJ's] reasoning." *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020).

Under the current regulations, an ALJ must determine how persuasive she finds a medical opinion. 20 C.F.R. § 416.920c(b). Supportability and consistency are the most important factors when determining persuasiveness. 20 C.F.R. § 416.920c(b)(2). It remains to be seen whether the new regulations will

4

meaningfully change how the Ninth Circuit evaluates the adequacy of an ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide "clear and convincing" or "specific and legitimate reasons" in the analysis of medical opinions. *Joseph Perry B. v. Saul*, 2021 WL 1179277, at *3 (C.D. Cal. Mar. 29, 2021) (quoting *Patricia F. v. Saul*, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)). Nonetheless, the Court is mindful that it must defer to the new regulations, even when they conflict with judicial precedent. *See Agans v. Saul*, 2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021).

In the current case, the ALJ found "Dr. Darkjian's [sic] opinions to not be very persuasive noting that they appeared to be more reliant and consistent with the claimant's subjective complaints rather than objectively mild findings, normal strength, lack of neurological deficits, and electro diagnostic testing that showed now [sic] radiculopathy or neuropathy." (ECF 15-3 at 50.) As to the State agency physician opinions, the ALJ stated that she "found the DDS opinions to be significantly more persuasive when considering the claimant's overall levels of limitation and function as they were generally consistent with the recent records showing mild degenerative disc disease and improvement in back pain following surgery, but found that a sit/stand option use of cane were [sic] warranted due to pain and radiculopathy." (*Id.*)

*Dr. Darakjian*

Dr. Darakjian is a treating provider who opined in January 2020 that Plaintiff could "sit for 3 hours and stand/walk for 3 hours in an 8-hour workday; rarely lift and/or carry 20 pounds and occasionally lift and/or carry less than 10 pounds; has significant limitations in doing repetitive reaching, handling, fingering or lifting; must use a cane or assistive device while engaging in occasional standing/walking; has a condition [ ] interferes with the ability to keep his neck in a constant position; is unable to do a full-time job on a competitive basis; can never climb ladders and balance; can rarely climb stairs, stoop, kneel, crouch, and crawl; and would be absent

more than 3 times per month [ ]. Dr. Darakjian opined that this level of limitation would apply beginning November 5, 2019 [ ]." (AR 49.)  Dr. Darakjian based these opinions on his treatment of Plaintiff in late 2019 and on an MRI that took place on November 26, 2019. (AR 600-04.) In finding Dr. Darakjian's opinions "to not be very persuasive," the ALJ stated that those opinions "appear to be more reliant [on] and consistent with the claimant's subjective complaints rather than objectively mild findings, normal strength, lack of neurological deficits, and electro diagnostic testing that showed now [sic ] radiculopathy or neuropathy." (AR 49.)

Under the current regulations, supportability and consistency are the most important factors when determining persuasiveness. 20 C.F.R. § 416.920c(b)(2). The Court finds that the ALJ properly pointed to lack of supportability of Dr. Darakjian's opinions as a reason for finding his opinions to be not persuasive. The ALJ first noted that Dr. Darakjian's opinions were based in part on Plaintiff's subjective complaints, which the ALJ had discounted due to their inconsistencies. That is a proper ground for discounting a physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). The ALJ also pointed to the fact that the medical records show normal strength, lack of neurological deficits, and no radiculopathy or neuropathy in electro diagnostic testing. (*See* AR 49, 382-83, 386-91, 433, 571-95, 597-98, 600.) This finding is supported by substantial evidence and further shows lack of supportability of Dr. Darakjian's opinions. The finding also constitutes a specific and legitimate basis for discounting a contradicted physician's opinion under prior Ninth Circuit law. *See Chaudhry v. Astrue,* 688 F.3d 661, 671 (9th Cir. 2012); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Accordingly, the Court finds no reversible error in the ALJ's assessment of Dr. Darakjian's opinions.[3]

---

[3] The ALJ also stated that there were "objectively mild findings" inconsistent with Dr. Darakjian's opinions. To the extent she was referring to MRI results, that issue is discussed below regarding the State agency physicians.  Any error in this regard concerning Dr. Darakjian, however, was harmless because there was other evidence of lack of supportability that was specific and legitimate.

*State Agency Physicians: Drs. Ruiz and Post*

Dr. J Ruiz and Dr. Yvonne Post are state medical consultants who provided opinions on December 27, 2017 and April 3, 2018, respectively. (AR 101-109, 111-21.) They opined that Plaintiff "can lift and/or carry 25 pounds occasionally and 25 pounds frequently; stand and/or walk for 6 hours and sit for 6 hours in an 8-hour workday; occasionally climb ladders/ropes/scaffolds, stoop and crawl and frequently climb ramps/stairs, balance, kneel, and crouch." (AR 49.) Besides Dr. Darakjian, these are the only other medical opinions discussed and relied on by the ALJ. The ALJ concluded that the opinions of Drs. Ruiz and Post were "significantly more persuasive" than Dr. Darakjian's opinions because they were "generally consistent with the recent records showing mild degenerative disc disease and improvement in back pain following surgery . . . ." (AR 49.) The Court finds that this was error.

To begin with, Drs. Ruiz and Post rendered their opinions in late December 2017/April 2018, before much of the objective medical evidence in the record was known. Plaintiff had back surgery at the L3/4 level on December 31, 2017. The last record reviewed by these State agency physicians is dated January 10, 2018, which is shortly after Plaintiff's surgery. While early after the surgery Plaintiff noted some reduction in pain, as soon as January, February and June 2018, it was also reported that Plaintiff had a positive straight-leg test, tingling, leg numbness and severe back pain. (AR 351, 353, 582.) The opinions of Drs. Ruiz and Post took place before MRIs in June 2018, January 2019, and November 2019. (AR 592-93, 383, 597-98.) Given their timing, the State agency opinions may be considered stale, they do not reflect the most recent medical evidence, and they can not provide guidance to the ALJ for assessment of MRIs and records that post-date those opinions. *See, e.g., Leslie v. Astrue*, 318 Fed. Appx. 591, 592 (9th Cir. 2009); *Spaulding v. Comm'r of Soc. Sec. Admin.*, 2021 WL 321233, at *2 (D. Ariz. Feb. 1, 2021).

Second, although the ALJ stated that "recent records" showed "mild degenerative disk disease," she does not specify which portions of the MRIs she is

7

relying on, and the post-surgery MRIs do not support the ALJ's finding. Rather, those MRIs show significant multilevel disc herniations compressing nerve roots at several levels. (AR 592-93, 383, 597-98.) For example, the June 2018 MRI shows moderate stenosis at L3-L4, with a 6 mm disc protrusion (AR 592-93), and L5-S1 was reported to be "significantly degenerated" (AR 594). Similarly, the January 2019 MRI shows, "Large central disc herniation at L4-L5 encroaches on the descending left L5 nerve root" (AR 383). Likewise, the November 2019 MRI shows degenerative narrowing at L4-L5 with a "6x8 mm disc protrusion/extrusion beginning at the top of the disc space . . . with moderate neural foramina and moderate left subarticular and lateral recess stenosis compressing the originating L5 nerve root . . . ." (AR 597-98.) None of these MRIs was reviewed by the State agency physicians, and the ALJ offers no cogent explanation of how she concluded that such significant, large disc irregularities could be paraphrased as "mild." *See generally Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998); *Spaulding*, 2021 WL 321233, at *2.

Third, although the ALJ asserts that Plaintiff showed pain improvement following surgery, the record does not support this beyond the period immediately after surgery. For instance, in July 2018 (six months after surgery and after a further MRI), Plaintiff received a recommendation from an orthopedic surgeon that ranged from a discectomy to a three-level fusion. (AR 594.) Six months later, in January 2019, the MRI impression stated that herniation at T2-L1 and L4-L5 had "increased in size compared to the prior exam." (AR 383.) And Plaintiff continued to complain about his back pain in 2018 and 2019. (*See, e.g.*, AR 590, 597, 601.) Even with some short-term improvement noted, it was inaccurate summary for the ALJ to say that the medical record generally showed pain improvement post-surgery.

Accordingly, the Court concludes that the ALJ erred in assessing the supportability of the opinions of the State agency physicians and did not provide an adequate basis for finding them to be persuasive. This error was not harmless. After discounting Dr. Darakjian's opinions and improperly relying on the stale State

agency physicians' opinions, the ALJ had no other medical opinion on which to rely in her assessment of the post-surgery medical records, and she did not articulate how she interpreted the MRI records in arriving at Plaintiff's residual functional capacity. As a result, the Court cannot confidently conclude that no reasonable ALJ could have reached a different disability determination after properly considering all of the medical records.

\* \* \*

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018) (amended). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (amended) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.*

Although the Court has found error as discussed above, the record is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act). Accordingly, the appropriate remedy is a remand for further administrative proceedings.

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner and remanding this action for further administrative proceedings consistent with this opinion. It is not the Court's intent to limit the scope of the remand.

DATED: 8/27/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE